*613 OPINION.
Shefkin:
The respondent concedes that substantially all of the stock of the petitioner and the Times-Record Co. was owned or controlled by the same interests in 1922, and that if petitioner had properly exercised its election in 1922 it would have been entitled to have its tax computed upon a consolidated basis. Respondent held that since petitioner had filed a separate tax return for the year 1922 it had exercised its election to be taxed as a separate corporation.
Section 240 of the Revenue Act of 1921 provides:
(a) That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.
The petitioner, as a result of the respondent’s denial of its claim of affiliation as to the year 1921, filed a separate return for the year 1922. Petitioner contends that the action of respondent amounted to a deprivation of petitioner’s right of election as to the manner in which its tax should be computed. However, the action of the respondent as to the year 1921 could not possibly have deprived petitioner of any right as to 1922 granted by the Revenue Act of 1921.
Petitioner further contends that its own action in filing a separate return for the year 1922 did not constitute an election, since it was acting under a misconception of its rights.
Section 240 (a) of the Revenue Act of 1921 clearly states that affiliated corporations may file either separate or consolidated returns. Petitioner knew the circumstances surrounding the two corporations, but, as a result of the holding of the respondent that petitioner was not affiliated in 1921, it filed a separate return for the year 1922. However, the burden is upon the petitioner to show that no election was made, and it has not proved to us that it acted in ignorance of its rights. See Belvidere Lumber co., 6 B. T. A. 84.
We must hold that petitioner elected to file a separate return under section 240 (a) of the Revenue Act of 1921 and its tax for the year 1922 must be computed upon the basis of that return.
Reviewed by the Board.

Judgment will be entered for the respondent.